# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| AMIR JAMAL TAUWAB, et al., | ) | CASE NO.  5:13cv2036 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| STEVE BARRY, SHERIFF, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On August 25, 2014, the Court issued an Opinion and Order ruling on a number of dispositive and non-dispositive motions that had the effect of dismissing all claims brought by plaintiff Amir Jamal Tauwab ("Tauwab") and dismissing defendant Steve Barry from the litigation. (Doc. No. 50.) The remaining plaintiff, The Tauwab Group, LTD ("TTGL"), is an unrepresented corporation. Having previously instructed TTGL to obtain counsel, the Court afforded TTGL additional leave until September 15, 2014 to obtain counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) (Corporations cannot proceed in federal court without legal representation); *Doherty v. Am. Motors Corp*., 728 F.2d 334, 340 (6th Cir. 1984) (same). TTLG was advised that if no licensed attorney has entered an appearance on behalf of TTGL by September 15, 2014, the Court would dismiss TTGL's claims without prejudice. (Doc. No. 50 at 325.) The docket fails to reflect that a licensed attorney has entered an appearance on behalf of TTLG, and the

time afforded by the Court for obtaining counsel has passed. The Court, therefore, dismisses TTGL's claims without prejudice.[1]

The Court also denies plaintiff Tauwab's motion for relief from judgment. (Doc. No. 55.) Tauwab's motion merely attempts to relitigate the issue of his standing—which was addressed at length in the Court's August 25, 2014 Opinion and Order—and fails to establish any reasons set forth in Fed. R. Civ. P. 60(b) for a court to provide a litigant with relief from judgment. "Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial [complaint]." *See Abdur'Rahman v. Bell*, 392 F.3d 174, 179-80 (6th Cir. 2004) (*vacated on other grounds by Bell v. Abdur'Rahman*, 545 U.S. 1151, 125 S. Ct. 2991 (2005)); *Jinks v. Allied Signal, Inc*., 250 F.3d 381, 385 (6th Cir. 2001) (The rule does not afford a defeated litigant "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.") (citation omitted). Moreover, because the judgment against Tauwab shall not be disturbed, Tauwab's motion for an extension of time in which to respond to defendant Marhofer Hyundai's counterclaim (Doc. No. 57) is denied as moot.

This case is closed.

**IT IS SO ORDERED**.

Dated: September 30, 2014

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendant Marhofer Hyundai recently moved to dismiss this action, citing TTLG's failure to obtain counsel (Doc. No. 60). Given the Court's *sua sponte* disposition of this action, the motion to dismiss is moot.

2